# United States Court of Appeals
## For the First Circuit

---

No. 03-2538

UNITED STATES OF AMERICA,

Appellee,

v.

RAMON A. VEGA-MARTINEZ

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Selya, Dyk,[*] and Howard, Circuit Judges.

---

Michael R. Hasse, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, Nelson Pérez-Sosa, Senior Appellate Attorney, were on brief, for appellee.

---

October 7, 2005

---

[*]Of the United States Court of Appeals for the Federal Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**.  Defendant Ramon Vega-Martinez appeals from a judgment of conviction entered following his guilty plea to a charge of conspiring to distribute narcotics.  Vega contends that his guilty plea was involuntary and that he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005).  We affirm.

## I.

Vega was indicted in October 2002 for participating in a drug distribution conspiracy.  See 21 U.S.C. §§ 841(a)(1)(A) & 846.  Vega's son was an indicted co-conspirator.  Vega initially pleaded not guilty but subsequently agreed to change his plea.  The plea agreement recommended a sentencing guidelines calculation yielding a sentence of 72 months of imprisonment but recognized that the district court retained the authority to sentence Vega as it saw fit.  See Fed. R. Crim. P. 11 (c)(3)(B).

The same day that Vega entered into the plea agreement, he appeared before a magistrate judge who conducted the change of plea colloquy.  The magistrate judge filed a report recommending that the district court accept the plea.  The district court adopted the magistrate judge's recommendation and accepted the plea.  Three days later, Vega's son also pleaded guilty pursuant to a separate plea agreement.

During the presentence process, Vega told the probation officer that he was not a supervisor of the drug conspiracy to

which he had pleaded guilty.  This claim conflicted with the terms of the plea agreement, which called for a sentence enhancement because Vega was a supervisor of the conspiracy.  See U.S.S.G. § 3B1.1 (2003).

At sentencing, Vega's counsel argued that the court should impose a sentence of 70 months -- the lowest sentence within the guideline range for which Vega qualified -- even though the plea agreement recommended a 72-month sentence.  The district court rejected this request and imposed the recommended 72-month sentence.  This appeal followed.

## II.

Vega seeks to set aside his plea and challenges the lawfulness of the resulting sentence.  Regarding the plea, he contends that the magistrate judge failed to conduct a sufficiently detailed inquiry at the change of plea hearing to assure that the plea was voluntary.  Vega also argues that his plea was involuntary because his attorney fundamentally misunderstood the terms of the plea agreement.  Concerning the sentence, Vega contends that there is a reasonable probability that the district court would have imposed a more lenient sentence had it understood at the time of sentencing that the guidelines were only advisory.

### A.    The Plea

Vega does not contend that the magistrate judge failed to inquire about the voluntariness of his plea.  Rather, he argues

-3-

that the magistrate judge was required to conduct a more searching inquiry into the voluntariness of the plea because Vega's son was a co-defendant who was also pleading guilty. According to Vega, the prospect that he might be pleading guilty to secure a more advantageous deal for his son gave rise to a duty to perform a more rigorous voluntariness colloquy than ordinarily is required.

Vega raised no objection in the district court to the change-of-plea colloquy. "An unobjected-to error in the Rule 11 colloquy is reversible error only upon a showing of plain error." United States v. Mescual-Cruz, 387 F.3d 1, 7 (1st Cir. 2004). To satisfy the plain-error standard, the defendant must show (1) an error, (2) that was clear or obvious, (3) which affected the defendant's substantial rights and (4) seriously undermined the fairness, integrity or public reputation of the judicial proceeding. See United States v. Gandia-Maysonet, 227 F.3d 1, 5 (1st Cir. 2000).

Vega has not cited any case imposing a duty on the district court to conduct a more rigorous plea colloquy because one of the defendant's close family members is pleading guilty in the same case. He relies instead on cases involving "packaged pleas" to argue for such a rule.

In a packaged-plea situation, the prosecutor offers "a benefit or detriment to all [the defendants] in order to persuade the entire group of defendants to plead guilty." Mescual-Cruz, 387

F.3d at 7. Such plea arrangements are permissible, but they do increase the possibility of an involuntary plea because of the all-or-nothing nature of the bargain. See id. While not mandating special procedures in packaged-plea situations, we have encouraged trial courts to conduct the plea colloquy in such cases with "sensitivity to the issue of voluntariness in light of [the] pressures" inherent in packaged pleas. Id. at 8.

The case before us does not raise the same concerns. Neither the plea agreement entered into by Vega nor the agreement signed by his son was contingent on anything that happened in the other's case. Vega and his son were represented by separate counsel and pleaded guilty on different dates. In short, nothing about these proceedings connected Vega's plea to his son's.

In any event, even under our packaged-plea cases, the colloquy conducted by the magistrate judge adequately assured that the plea was voluntary. The magistrate judge asked Vega whether anybody had forced, threatened, coerced or intimidated him into pleading guilty. This open-ended question provided Vega with an opportunity to indicate that his son's situation affected his decision to plead guilty. See id. at 9-10 (holding that a similar inquiry was sufficient to ascertain the voluntary nature of the plea in a packaged-plea situation). He did not do so. Nor did he claim at any point during the remainder of the district court proceeding that his decision to plead guilty was affected by his

son's situation.  The record suggests no error, plain or otherwise.[1]

Vega also argues that he did not enter the guilty plea voluntarily because his counsel had a fundamental misunderstanding of the plea agreement.  He argues that his counsel's error infected his understanding of the legal proceeding, thereby rendering his guilty plea involuntary.

This argument founders at the threshold because there is nothing to suggest that Vega's counsel misunderstood the plea agreement.  In the agreement, Vega agreed with the recommended imposition of a 72-month sentence.  At sentencing, however, Vega's counsel argued for the imposition of a 70-month  sentence, the lowest sentence within the applicable guideline range.  Vega contends that this shows that his counsel did not understand the agreement.  We disagree.  The plea agreement did not bind the district court to impose the sentence recommended by the parties. See Fed. R. Crim. P. 11(c)(3)(B).  As we read the record, Vega's counsel was merely attempting to convince the court to exercise its discretion to impose a sentence lower than that recommended in the agreement.  This does not evince a misunderstanding of the

---

[1]Vega argues that the district court should have invalidated his plea as involuntary because he claimed during the presentence investigation that he was not a supervisor of the conspiracy, even though he had admitted otherwise in the plea agreement.  Since Vega did not, during the plea hearing, change his position regarding his role in the conspiracy, it was not plain error for the district court to accept Vega's plea as voluntary.

agreement, but rather an attempt by counsel to secure every possible benefit for his client.

### B.     The Sentence

By way of supplemental briefing, Vega argues that his case should be remanded for resentencing in light of the Supreme Court's ruling in Booker that the sentencing guidelines are advisory. See 125 S. Ct. at 764-75. He acknowledges that this argument was not raised before the district court and that our review is for plain error. See United States v. Figuereo, 404 F.3d 537, 541 (1st Cir. 2005). As a predicate to relief under this standard, the defendant must demonstrate a reasonable probability that the court would have imposed a more favorable sentence if it had not erroneously considered itself constrained by the guidelines. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). We are not "overly demanding as to proof of [such] probability where, either in the existing record or by plausible proffer, there is reasonable indication that [the court] might well have reached a different result under advisory guidelines." United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).

Vega contends that, because he had no criminal record, became involved in drugs only at the behest of his son, and suffers from diabetes, the district court might have sentenced him more leniently under advisory guidelines. The first two of these

-7-

grounds were presented to the court at the sentencing hearing.  In pronouncing the sentence, the court indicated that the guidelines had taken into account all of the relevant factors for setting the appropriate length of incarceration.  The court gave no indication that Vega's sentence was too long in light of these factors.  See Figuereo, 404 F.3d at 541-42.

Vega's diabetes condition was mentioned in the presentence report, but it was not argued by defense counsel as a ground for leniency.  In some cases, a health condition may be grounds for a Booker remand.  See Heldeman, 402 F.3d at 224.  But under the plain-error standard, the burden of demonstrating an entitlement to relief rests with the defendant.  See Antonakopoulos, 399 F.3d at 80.  Other than stating that he has diabetes, Vega has not provided information about the symptoms of his condition, the course of his treatment, or an explanation why his condition could not be managed in prison.  Vega thus has not met his burden of demonstrating a reasonable probability that the district court would have imposed a more favorable sentence on account of his diabetes.  See United States v. Kornegay, 410 F.3d 89, 100 (1st Cir. 2005) (stating that, under the plain-error standard, the defendant must present "specific facts" to justify a remand).

### III.

For the reasons stated, the judgment is **affirmed**.

-8-